No. 7020.

C. D. FAVROT ET AL. vs. PARISH OF EAST BATON ROUGE.

Where there is no community of interest between several co-plaintiffs in a suit, although the rights and relief sought are of the same character, the actions of these several parties can only be cumulated by consent of the defendant. Such a suit, on an exception of misjoinder of parties by the defendant, will be dismissed.

APPEAL from the Fifth Judicial District Court, parish of East Baton Rouge. McVea, J.

Herron, Bird & Beale, C. D. Favrot, G. W. Buckner and J. & G. W. Burgess for plaintiffs and appellants.

John H. Halsey, Thos. B. Duprée, and Richardson & Magruder for defendant and appellee.

The opinion of the court was delivered by

EGAN, J.   Nine distinct judgment creditors of the parish of East Baton Rouge joined in this suit, which is in the nature of a mandamus proceeding, but not supported by affidavit, to compel the police jury and board of assessors of the parish to levy and collect a tax to pay the amount due upon their several judgments. Numerous exceptions were filed on the part of the defense, of which it is only necessary to notice one: That the plaintiffs have no cumulative form of action or remedy upon their distinct judgments, but that each creditor has his own separate action and remedy upon his individual judgment by another and distinct form of proceeding. This is substantially an exception of misjoinder of parties and causes of action, and must prevail. Where there is no community of interest, although the rights and relief

Favrot et al. vs. Parish of East Baton Rouge.

sought are of the same character, the actions of the several parties can only be cumulated by consent. This is here expressly refused. No one of the plaintiffs has that real and actual interest in the judgments of the others which would entitle them to be heard in relation to them. C. P. 15. Nor by the joinder of several plaintiffs can the defendant be deprived of its right to contest the demand of each separately. In Stevenson vs. Weber, 29 An. 105, we held that a number of co-plaintiffs or co-defendants whose interests are distinct can not be joined in the same action in order to give jurisdiction to a court. This is equally true whatever the object. See 14 An. 182; 15 An. 503. There was judgment in the court below dismissing the action. From this plaintiffs have appealed.

The judgment was not, however, based upon the exceptions, of which there are several others besides the one stated, all of which were referred to the merits, but was after a trial of and upon the merits.

We do not desire by our judgment to conclude the plaintiffs, who may be entitled to some relief in an action between proper parties and in proper form, though on this we express no opinion.

It is therefore ordered that the judgment appealed from be and it is avoided and set aside; and it is now ordered and adjudged that the defendant's exception as to the misjoinder of parties and causes of action be and it is maintained and suit dismissed. It is further ordered that the plaintiffs pay the costs of the court below and the defendants those of appeal. It is further ordered that the right of the plaintiffs to proceed according to law to assert or enforce their rights be and it is reserved to them.