No. ——

First Circuit

## BABINEAUX v. MILLER

(February 12, 1927. Opinion and Decree.)

*(Syllabus by the Editor)*

1. **Louisiana Digest—Pleading—Par. 56, 71, 73; Parties—Par. 12.**

Where there are separate and conflicting demands against two or more defendants the court, upon an exception of misjoinder of defendants, must dismiss the suit against all defendants.

Appeal from the Parish of St. Martin. Hon. James E. Simon, Judge.

Action by Lucien Babineaux, et al., against Virginia Miller, widow, et al.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

A. V. Pavy and W. C. Perrault, of Opelousas, attorneys for plaintiff, appellant.

Voorheis & Labbe, of St. Martinville, attorneys for defendant, appellee.

MOUTON, J.   Plaintiffs, Lucien Babineaux and Mrs. Uranie Babineaux, allege that, with Freddie, Hermance, Lucie, Madeline, Lawrence, Alfred, Emilie and Euphemon Babineaux, the children of Sherman Babineaux, a deceased brother, issue of his marriage with Virginia Miller, who survives him, they are the heirs of Alexandre Babineaux and his wife, Arthemise Leblanc, now both decased.

They allege that their deceased parents, Alexandre Babineaux and Arthemise Leblanc, bought during the existence of the community a tract of thirty-two acres of land with improvements, situated in the parish of St. Martin.

They allege that, in 1896, at which time their father, Alexandre Babineaux, was then deceased, that their mother, Arthemise Leblanc, made a donation of these thirty-two acres of land to Sherman Babineaux, their brother, who has since died. They attack this donation on several grounds, and as having been obtained by fraudulent representations.   They further aver that in furtherance of his scheme to despoil them of their rights in said land that the said Sherman Babineaux caused their mother to make him a sale of her undivided interest in the property in September, 1908, for a pretended consideration of $600.00 cash, which was never paid, and that this sale was a pure simulation.

They further allege that their mother, after the death of their father, who had been a Confederate soldier, was rceiving a pension which she turned over to Sherman Babineaux, and after his death gave the money she was getting as a pensioner to Virginia Miller, his surviving wife, which amounted altogether to a sum exceeding $18,000.00.

They further allege that, with Freddie, Hermance, Lucie, Madeline, Lawrence, Alfred, Emilie and Euphemon Babineaux, children of Sherman Babineaux, their deceased brother, they should be recognized as the forced heirs of Alexander Babineaux and Arthemise Leblanc, and as such be decreed co-owners of said land in the proportions allowed by law.   They aver that the property is not divisible in kind and that it should be sold to effect a partition among the heirs.   Plaintiffs pray for citation of the aforementioned children of Sherman Babineaux and of his widow, Virginia Miller, for judgment against them annulling the pretended donation and sale made by Arthemise Leblanc to Sherman Babineaux; for recognition of their co-ownership with the children of Sherman Babineaux in said land, and for judgment against Virginia Miller, widow of Sherman Babineaux, ordering her to account for all the pension money she received from Arthemise Leblanc, and for the revenues of the property, since the death of her deceased husband, Sherman Babineaux.

The defendants filed an exception of misjoinder of defendants, which was maintained.   Plaintiffs appeal.

It is clear that the heirs of Sherman Babineaux, hereinabove named, have no concern or interest, as defendants, in accounting for the pension money which their mother might have to account for to the plaintiffs.   The claim for that money is demanded against Virginia Miller, and is distinct from the action against them, as appears from the allegations of plaintiffs'

petition. It is also apparent that the interest of these heirs would be to maintain the donation as against the sale, because, if maintained, they would be entitled to the sole ownership of the land, whereas, if the validity of the sale were upheld, their mother would become owner of an undivided interest as widow in community. It is obvious that there is no privity of interest between these heirs and their mother. On the contrary, their interests in this litigation are not only distinct and separate, but are also, in some respects, conflicting or adverse. In such cases parties can not be joined as co-defendants. Mavor vs. Armant, 14 La. Ann. 181; Davidson vs. Frost-Johnson Lbr. Co., 126 La. 542, 52 South. 759; Dobel vs. Delavallade, 30 La. Ann. 606; Breaux Bridge Lbr. Co. vs. Hebert, 121 La. 188, 46 South. 206.

Counsel for defendants refers us to State vs. Breffeihl, 130 La. 912, 58 South. 763, and Durbridge vs. Crawley, 43 La. Ann. 504, 9 South. 95.

In the Forty-third Louisiana Annual the court held if the plaintiff, the Baldwin Co., sought to avail itself of demands not cumulative, it had, at least, the right to one of its demands, and "defendant's remedy was to compel it to elect upon which demand it would continue its suit". In that case there was a demand against one defendant, and evidently there was no exception of misjoinder of defendants. Here, there are distinct, separate and conflicting demands against two defendants. In a case of this character defendant is not bound to compel plaintiff to elect, and may ask the court to dismiss, and the court is even without power to discriminate in such a case by dismissing as to one party rather than another, but must dismiss as to all. Barrelli vs. Wehrli, 121 La. 542, 46 South. 620.

The Forty-fifth Louisiana Annual, cited by counsel for plaintiff, was a suit between the same persons in the same capacity, and does not govern in the instant case for the reasons above stated.