FRUGE, Judge.
This is an action by the Sabine River Authority (an agency created under LSA-Const. Art. 14, Sec. 45) to expropriate a 70-acre tract of land belonging to Oriole Montgomery Woodard and M. E. Woodard. The trial court rendered judgment in favor of the defendant landowners for $6,509.00. The Sabine River Authority has appealed, contending that the trial court erred in awarding $15.00 per acre as severance damages to the mineral rights retained by defendant landowners. The defendant landowners have answered the appeal, asking for an increase in the principal award and for interest from date of judicial demand on the award of the trial court.
The 70-acre tract involved herein is timber land in the southwestern section of Sabine Parish which, like other property in the vicinity, will be inundated by the Toledo Bend Dam and Reservoir Project. There are no improvements on the property. No question has been raised as to the *602 necessity of the taking; the sole question on appeal being one of adequate compensation.
Four expert appraisers testified— two for the Sabine River Authority and two for the defendant landowners. Each of the appraisers used the comparable sales method of determining market value. Said method is, of course, preferable since sales of similar property in the vicinity are the best evidence of market value. See Caddo Parish School Board v. Bland, 228 La. 393, 82 So.2d 687; State Through Sabine River Authority v. Salter, La.App. 3 Cir., 184 So.2d 783. Using said method, Mr. Everett Stephens, one of the appraisers for the Sabine River Authority, placed the value of the subject property, excluding timber and mineral rights, at $46.02 per acre; Mr. Will S. Holmes, plaintiffs other appraiser, placed the value of same at $50.00 per acre. Mr. Forrest White and Mr. George Black, Jr., appraisers for the defendant landowners, placed the value of the subject property, excluding timber and mineral rights, at $75,00 per acre and $65.00 per acre, respectively. It was stipulated that the value of the timber on said property was $909.00.
In a well considered opinion the trial court discussed the allegedly comparable sales relied upon by each appraiser. In essence, the trial court found that the sales relied upon by the appraisers for the defendant landowners were more comparable to the subject property than those relied upon by Mr. Stephens and Mr. Holmes. Consequently, the value of the subj ect property, excluding timber and mineral rights, was set at $65.00 per acre. After a detailed examination of the testimony of each appraiser, we are of the opinion that the evidence supports said evaluation.
In addition to the $65.00 per acre and $909.00 (stipulated value of the timber), the trial court awarded $15.00 per acre as severance damage to the mineral rights of the expropriated property, said mineral rights being reserved to the defendant landowners in perpetuity. It was stipulated that the trial court, in determining severance damages to the mineral rights, would consider the evidence presented in the case of State of Louisiana, Through the Sabine River Authority v. Jordan Miller, No. 22,535 on the docket of the trial court. Considering this stipulation, the trial court awarded the same amount per acre as severance damages to the mineral rights as in the Miller case. The Sabine River Authority now contends that the trial court was in error in awarding any amount as severance damages.
Able counsel for the Sabine River Authority contends that the trial court valued the land and minerals separately and awarded judgment in excess of “fair market value” of the whole of the subject property. This contention is not supported by the evidence which reveals that the estimates given by the appraisers did not include the estimated value of the mineral rights.
Counsel for the Sabine River Authority further contends that the award of severance damages to the mineral rights was highly speculative and not justified by the jurisprudence. This same argument was made to this court when the Miller case (upon which the trial court relied)1 and a companion case relying upon essentially the same evidence as in the Miller and the instant case were before us on appeal. See State Through Sabine River Authority v. Miller, La.App. 3 Cir., 184 So.2d 780; State Through Sabine River Authority v. Salter, supra. For reasons stated in said cases, we are of the opinion that the defendant landowners in the instant case are entitled to severance damages to-the mineral rights reserved to them. As-ín the Miller case, it is our opinion that the award of $15.00 per acre for severance damages was within the range of the discretion of the trial court.
The final issue for determination is the question of interest; the trial court *603 having refused to award interest on the principal amount. We are faced with this same question in the Salter and Miller •cases, supra. After an extensive discussion of the jurisprudence and statutory provisions, we determined that interest, in •cases of this nature, should be awarded from the date of judicial demand, i. e., the •date suit was filed. Accordingly, the trial •court judgment must be amended in this respect.
For the above reasons, the judgment of •the trial court is amended so as to allow interest from the date of judicial demand. Otherwise, said judgment is affirmed. All costs of this appeal are assessed to plain•tiff-appellant.
Amended and affirmed.