HOOD, Judge.
The plaintiff in this expropriation suit, State of Louisiana, through the Sabine *604 River Authority, seeks to expropriate a 92.73-acre tract of land owned by defendant, Ross Miller. Judgment on the merits was rendered by the trial court adjudicating the fee title of the property, less the minerals, to plaintiff, and awarding defendant the total sum of $16,259.16 as the value of the property expropriated and as severance damages to the mineral rights which were not taken. The judgment does not provide for the payment of interest on the amount awarded.
Plaintiff appealed, contending that the court erred in awarding severance damages. Defendant has answered the appeal, praying that the amount of the award be increased and that legal interest on that amount be allowed from date of judicial demand, until paid.
The subject property is located near the bank of the Sabine River in Sabine Parish, Louisiana, and the entire tract will be inundated by the Toledo Bend Dam and Reservoir Project. A portion of the property is in cultivation, a part is used for pasturage purposes and the remainder is woodland. Some merchantable timber and some improvements are located on the property, the improvements consisting principally of fences, a shallow well, and a frame tenant dwelling, with sheds and smaller structures around it. * ....
Two expert real estate appraisers testified in behalf of plaintiff, and two other appraisers, equally as well qualified, testified for the defendant. All of these experts used the market data approach in valuing the land, and each described the comparable sales which he considered in arriving at a conclusion as to value.
The two real estate experts who were called by plaintiff valued the land, less the minerals, timber and improvements, at $7,302.49 and $8,078.50, respectively, while the appraisers for defendant valued it at $12,055.00 and $10,605.00. In his excellent reasons for judgment, the trial judge analyzed the testimony of each appraiser and the comparables used by him, and he concluded that the land taken, less the minerals, timber and improvements, had a value of $11,127.60 at the time of the taking. We think the evidence supports his findings as to the value of this land.
These appraisers valued the improvements at amounts which ranged from a low of $2,171.60 to a high of $3,500.00. The trial judge, accepting the opinion of one of the appraisers called by plaintiff, determined that the improvements had a value of $3,053.80. We cannot say that he erred in reaching that conclusion.
In addition to the real estate appraisers who testified, two experienced foresters were called by plaintiff and two others were called by the defendant. The two' foresters who testified in behalf of the plaintiff based their estimates as to the value of the timber on ten percent strip cruises made on the property, and they fixed the value of the merchantable timber at $255.50 and $319.75, respectively. One of the foresters called by defendant made a twenty percent strip cruise on the property, valuing the timber at $1,501.82, while the other made a one hundred percent tree count, valuing the timber at $1,015.06. The timber appraisals made by the last two experts, however, included pre-mer-chantable timber which they valued at $462.00 and $327.30, respectively. The trial judge accepted the opinion expressed by the forester who made the one hundred percent tree count, but he correctly deducted from his overall estimate the value which had been placed on the pre-mer-chantable timber. He concluded that defendant was entitled to an award of $687.76 as the market value of the timber on this property, and we agree with that conclusion.
In addition to the award made for the value of the land, timber and improvements taken, the trial court also allowed defendant $15.00 per acre, or the total sum of $1,390.00, as severance damages to the minerals which were not taken but were *605 reserved to the landowner. By agreement of the parties, all of the evidence which was presented in State of Louisiana, through the Sabine River Authority v. Elden Dees, No. 10767 on the docket of the United States District Court for the Western District of Louisiana, Shreveport Division, was introduced in this case, and the parties stipulated that “if the court feels that there should be damages to minerals allowed in the case of Elden Dees, then the same damages should be allowed in this case against Mr. Ross Miller.”
Plaintiff contends that the court erred in awarding severance damages to the minerals reserved to defendant, arguing that the evidence relating to future profits from or the value of the minerals is so conjectural and speculative that it does not furnish any basis for a determination of such damages. Defendant contends that the amount awarded for severance damages should be increased.
This issue was presented to and was considered by us in State, Sabine River Authority v. Miller, La.App. 3 Cir., 184 So.2d 780, and in State, Sabine River Authority v. Salter, La.App. 3 Cir., 184 So.2d 783. It also was an issue in the case of State, Sabine River Authority v. Woodard, La.App. 3 Cir., 189 So.2d 601, which is being decided by us on this date. In each of those cases we considered the evidence which was presented in the Elden Dees case, supra, and we concluded that the defendant landowner was entitled to severance damages to the minerals which were not taken. For the reasons assigned in those cases, we hold that the defendant in the instant suit is entitled to severance damages to the mineral rights which were reserved to him. We think the award of $15.00 per acre made by the trial judge for such damages is fair and adequate.
Finally, defendant contends that the trial court erred in failing to allow interest on the amount of the award. In the Miller, Salter and Woodard cases, supra, where the same issue was presented, we held that in an action of this kind the defendant landowner is entitled to legal interest on the amount of the award from the date of judicial demand, until paid. The judgment of the trial court will be amended, therefore, to allow such interest.
For the reasons herein assigned, the judgment appealed from is amended so as to allow interest on the amount awarded to defendant at the rate of five per cent per annum from date of judicial demand, i. e., the date on which the suit was filed, until paid. Except as herein amended, the judgment appealed from is affirmed. The costs of this appeal are assessed to plaintiff-appellant.
Amended and affirmed.