198 So.2d 401

STATE of Louisiana, Through the SABINE
RIVER AUTHORITY, State
of Louisiana,

v.

Oriole Montgomery WOODARD et al.

No. 48411.

May 1, 1967.

W. R. Jackson, Jr., Leesville, E. L. Edwards, Jr., Many, for plaintiff-appellant, and applicant.

Tom F. Phillips and John S. Campbell, Jr., of Taylor, Porter, Brooks, Fuller & Phillips, Baton Rouge, and J. Reuel Boone, Many, for defendants-appellees-respondents.

HAMLIN, Justice:

In the exercise of our supervisory jurisdiction, we directed limited certiorari to the Court of Appeal, Third Circuit, in order that we might review that part of its judgment in this matter which allowed defendants interest at the rate of 5% per annum from date of judicial demand until paid on the amount awarded them in expropriation proceedings instituted in Sabine Parish on June 30, 1965. Art. VII, Sec. 11, La. Const. of 1921; 189 So.2d 601; 249 La. 755, 190 So.2d 914.[1]

The facts of record are similar to those reflected in State of Louisiana, Through the

1. Our review was limited to Assignment of Error No. 2, which alleged that the Court of Appeal erred in amending the judgment of the Eleventh Judicial District Court in allowing the landowner to recover legal interest from date of judicial demand, when the condemning authority did not take possession of the

Sabine River Authority, State of Louisiana v. Miller et al., 250 La. 668, 198 So.2d 397, No. 48,410, decision handed down May 1, 1967. The sequence of events is identical, except for a difference in some few calendar dates. Repetition is unnecessary.

The land herein expropriated was seventy acres, upon which were pine and hardwood timber.

Judgment of the trial court was rendered March 11, 1966 and was read and signed on April 2, 1966. Defendants were awarded $6,509.00 as full compensation for the tract of land together with the timber and improvements. The amount ordered to be paid was deposited by plaintiff in the registry of the trial court on April 2, 1966, and an order directing its withdrawal was signed by the trial court on April 5, 1966.

Plaintiff appealed from the judgment of the trial court, contending that the trial court erred in awarding $15.00 per acre as severance damages to the mineral rights retained by defendant landowners. Defendants answered the appeal, asking for an increase in the principal award and for interest from date of judicial demand on the award.

The Court of Appeal, Third Circuit, affirmed the award of the trial court, but amended its judgment so as to allow legal interest from date of judicial demand.

property in question until after the prior payment of just and adequate compensation, as ordered by the district court.

On this limited certiorari, argument was consolidated with that of the Miller case, supra. All contentions are identical.

Therefore, for the reasons assigned in the case of State of Louisiana, Through the Sabine River Authority, State of Louisiana v. Miller et al., No. 48,410, 250 La. 668, 198 So.2d 397, May 1, 1967, the judgment of the Court of Appeal, Third Circuit, insofar as it allowed defendants legal interest from the date of judicial demand, is reversed and set aside. Costs to be paid by plaintiff.

In all other respects the application was denied.