HAMLIN, Justice:
 

 Limited certiorari was granted in this matter in order that we might review that part of the judgment of the Court of Appeal, Third Circuit, which allowed Ross Miller, defendant, interest at the rate of 5% per annum from date of judicial demand, the date on which suit was filed, until paid, on the amount awarded him in expropriation proceedings instituted in Sabine Parish on June 30, 1965. Art. VII, Sec. 11,
 
 *671
 
 La.Const. of 1921; La.App., 189 So.2d 603; 249 La. 754, 190 So.2d 914.
 
 [1]
 

 In this Court, argument of the present case was consolidated with that of State of Louisiana, Through the Sabine River Authority, State of Louisiana v. Woodard et al., No. 48, La., 198 So.2d 401, which involves an identical issue. Our reasons for judgment hereinafter set forth will also apply to the Woodard case; however, separate decrees will be rendered in each matter.
 

 The facts of record reflect that the State of Louisiana, Through the Sabine River Authority, State of Louisiana, Art. XIV, Sec. 45, La.Const. of 1921, LSA-R.S. 38:-2321 et seq. acting under the General Expropriation Law, LSA-R.S. 19:1 et seq., instituted the present proceeding, June 30, 1965, seeking to expropriate from Ross Miller 92.73 acres of land and the improvements thereon for use in the reservoir site of the Toledo Bend Dam and Reservoir Project on the Sabine River. The question as to the necessity of the expropriation had not been raised by the defendant landowner; therefore, the sole issue before the trial court was the measure of compensation to be paid for the property sought to be expropriated.
 

 The trial court awarded Ross Miller the sum of $14,869.16 as full compensation for the land, timber, buildings, structures, and improvements situated thereon. It also awarded him $1,390.00 for severance damages to his mineral rights. The judgment, rendered December 31, 1965 and read and signed on March 25, 1966, contained no provision for legal interest. Plaintiff paid into the registry of the district court, on March 25, 1966, the amount ordered by the trial court to be paid. At this time title to the property passed to plaintiff.
 
 [2]
 
 On the
 
 *673
 
 next day, March 26, 1966, Ross Miller [Miller is really the sole defendant; hence, we shall hereinafter use the singular designation despite the title of this case] filed a motion to withdraw the deposit, and on the same day an order was signed by the trial judge authorizing such withdrawal.
 

 Plaintiff appealed devolutively to the Court of Appeal, contending that the trial court erred in awarding severance damages. Defendant answered the appeal, praying that the amount of the award be increased, and that legal interest on that amount be allowed from date of judicial demand until paid.
 

 The Court of Appeal affirmed the award of the trial court but amended its judgment so as to allow legal interest on such award, as stated supra, from date of judicial demand. In allowing interest to defendant, the Court of Appeal relied primarily on the case of Sabine River Authority v. Salter, 184 So.2d 783. In the Salter case, the Court of Appeal allowed interest from judicial demand in an expropriation proceeding, predicating its ruling on the case of Gravity Drainage District No. 1 of Rapides Parish, Louisiana v. Key, 234 La. 201, 99 So.2d 82, which will be discussed hereinafter. In the Salter case, the court stated:
 

 “The Gravity Drainage District case is the last expression of our Supreme Court on the question and is controlling here. Hence interest must be awarded from the date of judicial demand, i. e.,. the date suit was filed. * * * ”
 

 On the limited certiorari herein, we therefore have posed for our consideration the question of whether plaintiff should be forced to pay legal interest from date of judicial demand, when it did not take possession of the property until after judgment was read and signed by the trial court [it is alleged in brief that plaintiff actually did not take possession until after the case was argued in the Court of Appeal] and defendant remained in possession of the property until he received payment, the amount of such payment, insofar as it represented the true value of the property expropriated, being affirmed by the Court of Appeal.
 

 Plaintiff contends that it does not owe interest from judicial demand because only at the moment compensation was deposited into the registry of the court did title pass and only at that moment was plaintiff entitled to enter the land and take possession of it and the timber thereon for public purposes. Plaintiff further contends that interest was not due until the amount of its. debt to defendant was ascertained and judgment rendered, read, and signed for such amount. It relies on Article 1938 of West’s. LSA-C.C., which provides that all debts shall bear interest at the rate of five per centum per annum from the time they become due, unless otherwise stipulated.
 

 
 *675
 
 Defendant contends that inequity would result from not calculating interest from the date of judicial demand. He argues that the property in this case for all practical purposes was rendered useless and unprofitable to him at the very moment the expropriation suit was filed. He submits that, because his property was removed from commerce pending judicial determination of its value, he is entitled to legal interest on the ultimate award from judicial demand.
 

 The alleged fact that defendant’s property was removed from commerce during the interim between the filing of suit and judgment in the trial court would not entitle him to legal interest from judicial demand. In City of New Orleans v. New Orleans Land Co., 173 La. 71, 136 So. 91, this Court disposed adversely of a contention similar to that asserted by defendant herein; we find that its ruling was correct.
 
 [3]
 
 All property is held subject to the right of expropriation when public interest and necessity requires that it be surrendered by the owner. City of New Orleans v. Moeglich, 169 La. 1111, 126 So. 675. We realize that defendant may have sustained some inconvenience and deprivation — but this is damnum absque injuria. Cf. Rudolph Ramelli, Inc. v. City of New Orleans, 233 La. 291, 96 So.2d 572.
 

 In State Through Sabine River Authority v. Phares, 245 La. 534, 159 So.2d 144, a case in which we declared LSA-R.S. 19 :- 141-160 unconstitutional insofar as those
 
 *677
 
 sections purported to vest ex parte eminent domain powers in the Sabine River Authority, we said that the legislature is powerless to enact any legislation that would permit a taking, either possession or title, from an owner until payment of just and adequate compensation has been made or at least tendered and deposited to the owner’s account in the registry of court. We then said that the deposit of the estimate, provided for in LSA-R.S. 19:141-160, though a prerequisite to the transfer of title or the right to take possession, offended the constitutional due process requirements for the compensation was determined prior to notice to the property owner and without his having been given an opportunity to be heard on that vital question. This, we said, was not a payment of just and adequate compensation.
 

 Ross Miller, defendant herein, was divested of the ownership of his land only after the judgment of the trial court was rendered, read, and signed, and the deposit was made in the registry of the court. Until the rendition of the judgment, differently from an action ex delicto, no debt was due him. While such debt was not due defendant, no interest could accrue to him.
 

 Plaintiff could not take title or possession without paying just and adequate compensation; hut, if, as here, it paid the amount found to be just and adequate by the trial court on the day of such finding, it is self-evident that the debt was paid and no interest was due. “The judgment does not revert back to the date the suit was filed and there is nothing upon which interest could run until the judgment was entered.” Kirby Lumber Corporation v. State of Louisiana, 5 Cir., 293 F.2d 82.
 

 We do not find that the case of Gravity Drainage District No. 1 v. Key, 234 La. 201, 99 So.2d 82, is controlling here. That case involved expropriation of property for servitudes and right-of-ways, and perhaps under its facts the award of interest from judicial demand was appropriate. The circumstances of the instant expropriation are different from those of the Gravity Drainage case. The projects are not similar. Having found that the Gravity Drainage case is not controlling in this matter, it follows that the case of Sabine River Authority v. Salter, supra, 184 So.2d 783, is likewise not controlling. We do not find that the authorities cited by defendant in support of his contention are apposite.
 

 For the reasons assigned, the judgment of the Court of Appeal, Third Circuit, insofar as it awarded defendant legal interest from the date of judicial demand until paid, is reversed and set aside. Costs to be paid by plaintiff.
 

 [1]
 

 . Our review was limited to Assignment of Error No. 2, which alleged that the Court of Appeal erred in amending the judgment of the Eleventh Judicial District Court in allowing the landowner to recover legal interest from date of judicial demand, when the condemning authority did not take possession of the property in question until after the prior payment of just and adequate compensation, as ordered by the district court.
 

 In all other respects the application was denied.
 

 [2]
 

 . “ * * *
 

 “When a devolutive appeal is taken by either party, payment to the owner of the amount awarded by the trial court, or the deposit thereof in the registry of the court, entitles the plaintiff to the property described in the judgment in the same manner as would a voluntary conveyance. If any change in the amount awarded is made on such appeal, the plaintiff shall pay the additional assessment or recover the surplus paid.” LSA-R.S. 19:13.
 

 “If no appeal is taken from the judgment of the lower court, and the defendant refuses to accept payment of the amount adjudged, the deposit thereof in the registry of the court, subject to his order, entitles the plaintiff to the property described in the petition in the same manner as would a voluntary conveyance. The receipt of the clerk of court for the price shall vest the title in the person paying for the land, in the same manner as if it were paid to the owner in person.” LSA-R.S. 19:14.
 

 [3]
 

 . “The contention of defendants that they should be awarded legal interest because their property was taken out of commerce by the filing of notices of lis pendens is fully answered by the trial judge. We quote from his opinion, with approval, the following:
 

 “ ‘The argument is one that strongly appeals to the sympathies of the court, but the question that confronts the court is, whether it can grant the relief as prayed for.
 

 “ ‘Article 1935 of the Civil Code gives the real definition of legal interest. That Article reads:
 

 “ ‘The damages duo for delay in the performance of an obligation to pay money are called interest. The creditor is entitled to these damages without proving any loss, and whatever loss he may have suffered he can recover no more.’
 

 “ ‘Setting aside conventional interest which is allowed to spring into existence from a convention or contract, all other interest is simply allowable as damages for the failure to pay money when due. Therefore, the money must be due and must be demandable in order to have legal interest charged against or inflicted upon the party owing the money. It is necessary to show that the money was due, exigible and demandable.
 

 “ ‘In this case, for the court to allow interest, it would be necessary for the court to find that on the day the lis pendens was filed in the Mortgage Office, the amount, as the price of the property, had been fixed and was due and demandable.
 

 “ ‘As a matter of fact, had the price been fixed by the jury on the day the lis pendens was filed, the law is, there is no obligation on the Sovereign or any of its delegates, to pay the money, but that neither the Sovereign or any of its delegates shall be permitted to take possession of the property until it pays the money.’ ” City of New Orleans v. New Orleans Land Co.,
 
 173
 
 La.
 
 71, 136 So. 91.