214 So.2d 552 (1968)
Walter STERKX, Plaintiff-Appellant,
v.
GRAVITY DRAINAGE DISTRICT NO. 1 OF RAPIDES PARISH, La., Defendant-Appellee.
No. 2343.
Court of Appeal of Louisiana, Third Circuit.
June 18, 1968.
On Rehearing October 3, 1968.
Writ Refused November 15, 1968.
*553 Downs & Gremillion, by James C. Downs, Alexandria, for plaintiff-appellant.
Mansour & Lauve, by Alfred Mansour, Alexandria, for defendant-appellee.
Before LEAR, HOOD, and SAVOY, JJ.,
LEAR, Judge.
Petitioner is the owner of an undivided one-fifth interest in certain valuable property situated partly within the corporate limits of the City of Alexandria, Louisiana, and the remainder adjoining said limits.
Defendant, a body corporate with power to sue and be sued, constructed a drainage canal across this property. Plaintiff alleged trespass, unlawful and uncompensated confiscation, and certain incidental damages. He asked total recovery in the sum of $25,194.40.
Respondent admits the construction of the drainage facilities upon the described property, as alleged. It sets forth, however, that this construction was had in accordance with an agreement entered into by and between defendant and all of the co-owners of the property. It sets forth that written agreements were entered into it and Mr. Sterkx's co-owners, and further alleges that the said construction was in strict compliance with an agreement entered into between it and Mr. J. B. Nachman, who had full authority from plaintiff to negotiate on plaintiff's behalf for a contract with defendant; that Mr. Nachman agreed to accept the price of $2,574.40 for his part of the compensation to be paid for the drainage servitude, and "* * * that a copy of the agreement was delivered to his said attorney, and it was agreed by all that the said plaintiff would execute the agreement."
Defendant then asserts that plaintiff was estopped to repudiate the agreement made by Mr. Nachman and should have and recover judgment only for the sum of $2,574.40.
A great portion of the evidence adduced, plus a lengthy opinion written by the district court, and the briefs of both appellant and appellee deal with the question of whether Mr. Nachman had apparent authority from petitioner to enter into such an agreement; whether petitioner's clothing Mr. Nachman with such apparent authority would estop him from repudiating an agreement made by Mr. Nachman, and whether a servitude can be granted by oral title or achieved by estoppel.
However, these complex and troublesome problems need not concern us here. It is a fundamental rule of our law that when negotiating parties agree that the final contract will be reduced to writing, then that agreement is an integral part of the contract itself. Therefore, until such agreement is reduced to writing there is no contract, and either party may retract or refuse to abide by what had been orally agreed upon. See Ferre Canal Co. v. Burgin, 106 La. 309, 30 So. 863; Barrelli v. Wehrli, 121 La. 540, 46 So. 620; Breaux Bros. Construction Co. v. Associated Contractors, 226 La. 720, 77 So.2d 17, as examples of many, many cases deciding this point.
*554 As pointed out above, the defendant affirmatively avers in its answer that it was agreed upon between the parties that a formal, written instrument should be signed by petitioner and the entire record is rife with testimony to that effect. That being the case, no binding contract came into being between plaintiff and defendant, and it now becomes necessary for this court to assess the damages done by defendant's unauthorized entry upon the land owned, in indivision, by petitioner.
As stated above, plaintiff sued not only for the value of the actual land taken, but also asked for severance damages as to a portion of the entire tract, and alleged other items of substantial damage such as the destruction of valuable trees, the establishment of spoil banks, and the changing of natural drainage upon the remaining property, the cost of the construction of bridges across said canal necessary for the full utilization of plaintiff's property, etc.
However, plaintiff, in his brief before this court, concedes that he is restricted to compensation based on the fair market value of the property actually taken.
Defendant relied entirely upon its defense of estoppel, and offered no testimony to confute the evidence of petitioner's experts who testified as to the value of the land taken.
The uncontradicted testimony establishes that the value of the land taken is the sum of $6,032.80, and thus the award made herein should be increased to that amount.
Therefore, this court affirms the judgment of the lower court in granting judgment for plaintiff, but increases the amount of that award from the sum of $2,574.40 to the sum of $6,032.80. Defendant to pay all costs of this appeal.
Judgment amended, and as amended, affirmed.

On Rehearing.
En Banc.
TATE, Judge.
In granting rehearing, we requested that argument be limited to three issues: (1) the circumstance that our award was greater than the amount prayed for in plaintiff's petition; (2) whether legal interest should be awarded and from what date; (3) the question of to which party court costs should be assessed.
We discuss these issues in that order.

(1)
Plaintiff prayed for $5,024.40 as the value of the property appropriated.[1] In application for rehearing the defendant-appellee points out that this court awarded $6,032.80, that is, an amount in excess of the demand. The plaintiff-appellant contends, however, that the award in excess of the demand is proper because without objection evidence to this effect so enlarged the pleadings.
When otherwise inadmissible evidence is admitted without objection, the pleadings are enlarged to this extent. See LSA-C.C.P. Art. 1154: "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised by the pleading. * * *"
By this principle judgment may be awarded in excess of the amount prayed for, when (1) evidence otherwise inadmissible is admitted without objection, (2) such evidence establishes that the party is entitled to this larger award, and (3) the circumstances are such that it may reasonably be implied that the parties consented to the enlargement of the pleading to include the increased demand. Blodgett Construction Co. v. Board of Commissioners, 153 La. 623, 96 So. 281; Huval v. Burke, La.App., *555 3 Cir., 160 So.2d 810; State Through Dept. of Highways v. Watkins, La.App., 3 Cir., 155 So.2d 245; Wright v. Holder, La.App., 2 Cir., 72 So.2d 529; Ethridge-Atkins Corp. v. Abraham, La.App., 2 Cir., 1935, 160 So. 817.
The essential reason why an excess award is permitted in such cases is that the issue was litigated by the implied consent of the opponent. The uncontradicted evidence proves an award larger than that originally demanded, with the pleadings automatically amended with regard to that issue by the evidence admitted without objection. LSA-C.C.P. Art. 1154.
Nevertheless, the implied consent so found does not automatically result from a failure to object to evidence enlarging the pleadings. As stated by the authoritative treatise, James, Civil Procedure (1965), Section 5.7:
"Nonobjection to evidence does not always fairly indicate that the adversary was in fact, or should reasonably have been aware of the full implications of the evidence. * * * Even astute trial counsel cannot be asked to see all the implications and ramifications of offered evidence when these go outside the pleadings. A failure to object to irrelevant evidence, or to ask for a ruling limiting the use of evidence which is relevant for one purpose only, should be construed as consent to the litigation of a new issue only if it was reasonably apparent that the evidence would open up this new issue, and also what the nature of the issue was, at the time the evidence was offered. Any other rule would not only be a trap for the unwary, but it would invite the making of constant and captious objections to evidence which would greatly impede the trial process."
With regard to the present record, the petition had alleged that Parcel 3[2] was valued at $6,000 per acre. Article 9. At the trial an expert testified that Parcel 3 was worth $8,000 per acre. Tr. 147-48. Because of this larger valuation, the amount awarded by us on our original hearing exceeded the amount prayed for the taking.
The expert's testimony that Parcel 3 was worth "the same" as Parcel 2 (which had been alleged to be worth $8,000 per acre by the petition, Article 8), did not clearly and unmistakably apprise opposing counsel of the full implication that the evidence was introduced to establish a value higher than that sought by the petition, especially since it was by way of offhand response in testimony concerning these two very similar tracts of land taken. The evidence was relevant to prove the valuation of Parcel 3, although technically inadmissible (if objected to) as beyond the petition, for a purpose of proving a larger value than that alleged.
Accordingly, we do not think the valuations alleged were enlarged by the testimony of a greater valuation of Parcel 3 than that alleged. Therefore, our original decree is amended so as to reduce the amount awarded the landowner to $5,024.40, the amount demanded by the property appropriated.

(2)
By plaintiff's application for rehearing it is contended that the court erred in failing to award legal interest. He had prayed for same from judicial demand.
An owner of the property is entitled to legal interest from the date of taking, when payment of compensation is not made at the time of taking. A. K. Roy, Inc. v. Board of Commissioners for Pontchartrain Levee District, 238 La. 926, 117 So.2d 60. Our Supreme Court based its holding upon Civil Code Article 1938, which provides for the payment of legal interest from the time the debt becomes due, i. e., the date the taker appropriated the property to its use.
*556 However, under LSA-C.C.P. Art. 1921 interest is liable only as prayed for, unless otherwise provided by law. Therefore, the plaintiff here can recover judgment only from date of judicial demand, since his claim for legal interest is restricted by the prayer of his demand. Cerniglia v. City of New Orleans, 234 La. 730, 101 So.2d 218; Lake Charles Harbor and Terminal District v. Prestridge, La.App. 3 Cir., 182 So.2d 334.
In State Through Sabine River Authority v. Miller, 250 La. 668, 198 So.2d 397, our Supreme Court held that an expropriating body owed interest only from the date of judgment. In disallowing interest, however, the court noted that there the condemnor did not deprive the owner of the possession of the property taken until after he received payment for it. The court expressly noted that the debt was not due until the judgment in this ordinary expropriation proceedings, so that under Civil Code Art. 1938 the owner was not entitled to interest until judgment rather than from date of demand.
The holding in this Miller decision is thus inapplicable to the present facts, for here the debt became due at the time of the uncompensated-for taking. (As a matter of fact, the Miller decision did not overrule Gravity Drainage District No. 1 of Rapides Parish v. Key, 234 La. 201, 99 So.2d 82, where the court had held the present public body is liable for legal interest from the date of judicial demand.) In Miller, the debt did not become due until by the judgment the taking was ordered; here, the taking took place before suit, so the debt became due then rather than because of the subsequent judgment.
Accordingly, the judgment should be amended so as to hold the defendant liable to the plaintiff for legal interest on the award from the date of judicial demand until paid.

(3)
By his application for rehearing, the plaintiff-appellant points out that this court neglected to assess the costs of the trial court against defendant-appellee. (The trial judgment is silent as to their assessment.)
Under LSA-R.S. 13:4521, public bodies are not liable for court costs except where expressly otherwise provided. However, this provision has been held not to be applicable to expropriation proceedings when the taker does not tender the proper value of the property taken. Orleans Parish School Board v. Brown, 245 La. 792, 161 So.2d 274; State, Through Dept. of Highways v. Barineau, 225 La. 341, 72 So.2d 869; Westwego Canal & Terminal Co. v. Louisiana Terminal Co. v. Louisiana Terminal Commission, 200 La. 990, 9 So.2d 389 (appropriation). See also LSA-R.S. 19:12.
These decisions base their holding upon the constitutional guarantee that private property cannot be taken unless adequate compensation is paid therefor. Louisiana Constitution of 1921, Article 1, Section 2. The decisions note that the landowner's constitutionally-directed just compensation would be diminished to the extent of the court costs unless the taking authority is held liable for same when it does not first tender or pay the value of the property.
By similar reasoning, the present taker must pay for the court costs occasioned by the present landowner's proceeding to obtain just compensation where, without legal authority or prior payment, the public body had appropriated the landowner's property. Westwego Canal & Terminal Co., cited above; Dow v. Department of Highways, La.App. 2 Cir., 179 So.2d 666; Bernard v. State, La.App. 3 Cir., 127 So. 2d 774. Otherwise the owner will not receive the full compensation to which he is constitutionally entitled. Fletcher v. Department *557 of Highways, La.App. 1 Cir., 9 So.2d 338.
Accordingly, the landowner is entitled to a decree assessing all costs of both courts against the taker.
Decree.
For the foregoing reasons, our earlier judgment is amended so as (a) to reduce the award to the plaintiff landowner from $6,032.80 to Five Thousand Twenty-Four and 40/100 ($5,024.40) Dollars, (b) to award the plaintiff landowner legal interest upon our award from date of judicial demand until paid, and (c) to assess the defendant public body with all court costs of the trial and appellate courts in these proceedings. As thus amended, our original decree is reinstated.
Original decree amended and reinstated.
NOTES
[1] The total amount of $25,194.40 demanded included damages not awarded, of which no complaint is made.
[2] 2.4 acres of Parcel 3 was included in the taking; the petitioner owned a fractional undivided interest in this parcel.