FRUGÉ, Judge.
Florida Gas Transmission Company filed this suit to expropriate a servitude for a 22-inch gas pipeline across defendants’ farm land. The trial court awarded defendants-landowners $4,042 for the servitude taken and the use of a temporary area for construction of the pipeline and found that no severance damages were caused by *180 the pipeline. Defendants have appealed, seeking an increase in the award. We amend to allow some severance damages and to award interest from the date of the taking.
The issues on appeal are: (1) the value of the servitude taken, (2) severance damages to the remaining property, and (3) defendants’ right to interest on the award from the date of taking instead of from June 25, 1970, the date of the trial court’s judgment.
This expropiration suit was filed in September, 1967. By consent of all parties, the pipeline was installed on the property without waiting for the court’s determination of a just compensation for the installation.
The tract in question is located 2.5 miles southwest of the Town of Scott and within three miles of the City of Lafayette. It contains 704.56 acres of land, and the pipeline will extend through the property a distance of 7,218 feet. The pipeline traverses the property in an almost north-south direction. The permanent 30 foot wide right-of-way sought by plaintiff contains an area of 4.97 acres. An additional area of 3.31 acres was necessary as a temporary work space during installation of the pipeline.
Defendants’ tract is presently used for growing rice and grazing cattle. Plaintiff’s servitude is adjacent and to the east of rights-of-way for two smaller existing pipelines that run the same distance across the subject property. Plaintiff’s pipeline is located 30 feet east of the nearest existing pipeline and 80 feet east of the other existing pipeline.
In addition to these two parallel pipelines, there are five other pipeline rights-of-way and one H-frame powerline utility crossing in place on the property.
Plaintiff’s appraisers were Mr. Allen J. Angers and Mr. Maurice Chappuis. Mr. Angers stated that the highest and best use of the property is speculative investment property. By this terminology, he meant that the property had value for use other than agricultural but a residential subdivision was not probable in the foreseeable future. He placed a market value of $1,-000 per acre for the land, and a value of $800 per acre for the servitude affecting 4.97 acres, or $3,976. He valued the temporary right-of-way area of 3.31 acres at $20 per acre, or $66. This appraisal was adopted by the trial court.
Mr. Maurice Chappuis considered the best use of the subject property to be for suburban-rural acreage with a market value of $750 per acre for the land, and a value of $650 per acre for the servitude, making a total of $3,230.50. He valued the temporary work area at $248.25.
Both Angers and Chappuis established their valuations based on sales of tracts much smaller than this tract. Their opinion, also concurred in by defendants’ expert Mr. Mouton, was that the whole tract could not be sold in its present state, but could best be disposed of in smaller tracts ranging from 25 to 75 acres. Thus, Angers and Chappuis searched the records for nearby similar tracts. They found several ranging in size from 11 to 62 acres. Both used essentially the same tracts and, after considering the location of the subject tract and these comparables, made adjustments for location, date of sale, etc., to value the subject tract.
Defendants used as their appraisers Mr. Sidney P. Landry, and Mr. J. Alfred Mouton. These appraisers took a different approach by giving a much higher per-acre value based on sales of individual home-sites. Both believed that the property without servitudes had a value of $2,500 per acre. With the existing servitudes, they valued the property at $2,000 per acre. They appraised the servitude at the same value as the fee value of the land. Therefore, they appraised the fair market value of the servitude on the 4.97 acres at $9,940.
Defendants did not prove that the entire tract is presently in demand for de *181 velopment for residential or subdivision purposes, or would be within the reasonably near future. We find no manifest error in the conclusion of the trial court that plaintiff’s appraisal was the most reasonable and acceptable approach in establishing the value of the servitude.
The trial court found no severance damages caused to the remaining property by the gas pipeline. The court acknowledged that it was possible for additional lines to cause severance damages, but found that defendants failed to establish severance damages.
Mr. Angers testified that there was no severance damages. He thought that the additional line would not interfere with any future development of the property, even if it was developed for homesites. He testified that the existence of the pipeline near a homesite did not depreciate the value of the lots. He used as an example the Conque Subdivision located near the subject tract. It was burdened with several pipelines and a power line. He also referred to Country Estates Subdivision located some seven miles from the subject tract.
Mr. Chappuis testified that there were severance damages, but only to that portion fronting the roads bounding the north and south boundaries of the tract. He thought that some 30 feet of frontage on each road would suffer damages, and allowed $10 for each front foot for a total of $600 in severance damages.
Appellants appraisers computed severance damages based on the tracts highest and best use for subdivision purposes. They estimated severance damages at 5% of $1700 per acre on each of 373.88 acres located in the western portion of the tract. Most of this western portion of the tract is west of the north-south pipelines. Both Landry and Mouton used a Gulf States Utilities H-frame powerline as determining the eastern limits of the land affected by severance damages. They testified that the 433.88 acres west of the powerline would incur a diminution in value. By deducting 60 acres as land already being used by servitudes, they computed severance damages at 5% of the $1700 per acre homesite value and applied this to 373.88 acres. Thus, landowners seek $31,779, as severance damages.
There was considerable conflict in the testimony concerning this appraisal of severance damages. This appraisal did not take into account that streets and other utilities could be laid across the pipeline for subdivision purposes. Landry and Mouton could not support this theory for severance damages; particularly, they could not explain how the gas lines location 30 feet east of two existing pipelines would affect the sizable acreage to the west of the existing pipelines. Basically, they gave great weight to their conclusion that it would be more difficult to make residential subdivisions of this property. However true that may be, there is not sufficient evidence upon which we can find that all of this particular tract of land is homesite property. The major part of the tract can only be considered as raw acreage upon which there is no present design for homesites. Defendants failed to prove severance damages to the entire tract.
However, three of the four experts agreed that defendants’ tract would suffer some severance damages. We accept Mr. Chappuis’ opinion that the frontage on the north road and on the south road could be sold for homesites. This is completely supported by Messers Landry and Mouton, and not denied by Angers. As such, the majority of these experts agree that this part of the land suffered severance damages. An allowance of $10 per front foot for one hundred feet of frontage on each road appears proper. Thus, severance damages of $2,000 are awarded to defendants appellants.
Defendants are entitled to legal interest from the date of taking. In its answer to the expropriation petition, defend *182 ant prayed for legal interest from date of judicial demand. Since the taking in this case occurred subsequent to the demand, such interest must begin from the date of taking. Sterkx v. Gravity Drainage Dist. No. 1 of Rapides Parish, 214 So.2d 552 (La.App. 3rd Cir., 1968).
The judgment is amended to award defendants appellants severance damages of $2,000. Five per cent per annum interest is awarded on $6,042, from the date of taking. The remainder of the trial court’s judgment is affirmed. Costs of court both at trial and on appeal are assessed to plaintiff-appellee.
Amended and affirmed.