346 So.2d 364 (1977)
PARISH OF EAST BATON ROUGE
v.
Earl D. THOMAS et al.
No. 11250.
Court of Appeal of Louisiana, First Circuit.
May 9, 1977.
*365 Joseph F. Keogh, Parish Atty., Charles E. Pilcher, Asst. Parish Atty., Baton Rouge, of counsel for plaintiff Parish of East Baton Route appellee.
Vanue B. Lacour, Baton Rouge, of counsel for defendant Earl D. Thomas et al. appellant.
Before LANDRY, EDWARDS and COLE, JJ.
COLE, Judge.
The Parish of East Baton Rouge filed suit to expropriate a parcel of land owned by Earl D. Thomas and his wife, Jacquelyn K. Thomas, (landowners) to be used for a drainage canal. The landowners appealed the award of compensation made by the trial court. We affirm.
The trial court in written reasons succinctly and accurately described the subject property and proposed taking as follows:
"As reflected by the exhibits filed in the record, the subject property is a portion of a rectangular shaped tract of land that fronts 229 feet on Thomas Road near its intersection with the Baker-Scotlandville Highway, which larger tract contains approximately 4.623 acres in size. The front portion of the site is partially cleared and relatively level while sloping to the rear which is low, heavily wooded and subject to periodic inundation during heavy rains. All utilities are available and zoning is A-4 multi-family residential. The Parish proposes taking 1.156 acres for the construction of a drainage canal (Beechwood Lateral of Cypress Bayou) and 0.449 acres for a temporary construction servitude for the stockpile of soil. There are no improvements in the taking; however, there is a wood frame residence located on the front portion of the site. The front remainder is 2.484 acres in size and both parties agree that there are no damages to this portion as a result of the taking. However, the proposed drainage canal and spoil area will leave a 0.983 land-locked rear remainder as a result of the taking, indicating that severance damages are due to defendants as the rear remainder will have no access and an after value only to abutting owners."
One appraiser, Kermit W. Williams, testified for the landowner; two appraisers, Dan Carlock and John C. Doiron, Jr., testified for the Parish. After a careful review of all aspects of the appraisal reports, including a synopsis of each appraiser's testimony in the written reasons for judgment, the trial court determined that the valuation of Carlock was correct, as indicated by the court below:

*366
"Value Estimate Before_______ $18,492.00
Value Part Taken _____________ 4.624.00
Indicated Remaining Value ___ $13,868.00
Remaining Value_______________ 10.329.00
Indicated Damages______________ 3,539.00
Use of Construction Servitude 359.00
Total Just Compensation______ $ 8,522.00"

The landowners contend that the trial court erred in valuing the property based on a highest and best use as single-family residential property instead of multi-family residential property in accordance with its A-4 (multi-family) zoning classification. The landowners' appraiser valued the whole property before the taking at $16,700 per acre based on a highest and best use as multi-family residential property, whereas both of the appraisers for the Parish based their valuations on a highest and best use as single-family residential property.
In expropriation proceedings the landowner is entitled to just and adequate compensation for the land taken based on the highest and best use of the property. State, Department of Highways v. Ponder, 345 So.2d 106 (La.App. 1st Cir. 1977); State, Department of Highways v. Covington Interstate, Inc., 295 So.2d 828 (La.App. 1st Cir. 1974).
In discussing the determination of the highest and best use of property sought to be expropriated, this Court in State, Department of Highways v. St. Tammany Homestead Association, 304 So.2d 765 (La. App. 1st Cir. 1974), has said:
"It is well settled that potential use of condemned property may be deemed its best and highest use for purposes of evaluation, where there is reasonable expectation that property may be so utilized, developed or employed in the not too distant future. * * *
"Where potential use is reasonably prospective, or reasonably certain to the extent that such use is removed from the realm of guesswork, speculation and conjecture, such potential use may be considered the best and highest use for fixing value in an expropriation proceeding. * * * " (304 So.2d at 771)
In the instant case there was ample evidence on which the trial court could base its determination that a use of the property for multi-family dwellings was not reasonably prospective, but speculative and conjectural. Both appraisers for the Parish admitted the possibility of such a use in the future. However, both also contended that such a use was too speculative to form a basis for their valuations in light of the lack of demand for apartments in the area and the prevailing use of the property in the area for single-family subdivisions. Many of the comparables used by the landowners' appraiser to establish the value of the property for use as a site for multi-family dwellings were either close to Southern University where there was a greater demand for apartments or were federally financed, and thus, not necessarily indicative of the subject property's market feasibility for multifamily dwellings.
The landowners contend that the A-4 (multi-family) zoning classification of the property must be given serious consideration in determining the highest and best use of the property, citing State, Department of Highways v. St. Tammany Homestead Association, supra. In that case this Court merely said:
"It is also settled that zoning restrictions must be given serious consideration in determining whether a higher potential use than that allowed by zoning laws may be ascribed to a property condemned for public purposes. * * * " (304 So.2d at 772)
We note that the case cited differs from the case in point to the extent that the landowner therein was urging a higher use than that for which the property was zoned. The zoning classification was interposed by the State to support its contention that the use urged by the landowner was not reasonably prospective because it was restricted by law. While it is evident that zoning classifications and restrictions are to be given serious consideration in determining the highest and best use of property, they are not determinative. When property is zoned for a use for which there is no *367 reasonable expectation that the property may be so utilized, a lesser included use may be deemed, as here, to be the highest and best use for purposes of valuation.
The landowners also claim that the trial court's determination of value was not independent because the court adopted in toto the appraisal of one expert witness. However, the cases cited by the landowners do not support this contention. These cases hold merely that:
"* * * The trier of fact is not required to accept or to reject the testimony of each witness in toto. * * * "(State, Department of Highways v. Salassi, 244 So.2d 871, 877 [La.App. 1st Cir. 1971] Emphasis supplied)
See, also, State, Department of Highways v. William T. Burton Industries, Inc., 219 So.2d 837 (La.App. 3rd Cir. 1969). The rule cited is a far cry from holding that a trial judge may not accept in toto the testimony of one of the expert witnesses in an expropriation hearing.
Finally, the landowners contend that the trial court erred in using its personal opinion to determine the market value of the expropriated property. To support this contention, the landowners point to an excerpt from the written reasons of the trial court, which states:
"* * * The Court is confident that with few exceptions, there is very little property outside the city limits of Baton Rouge worth in excess of $16,000.00 per acre."
It is well settled that in expropriation proceedings judicial notice may be taken only of facts within the common knowledge of every person of ordinary understanding and not of facts merely within the judge's personal knowledge. State, Department of Highways v. Thurman, 231 So.2d 692 (La.App. 1st Cir. 1970). In the case in point, however, it is clear that the trial judge based his decision, not upon his personal knowledge, but upon the evidence presented at trial as carefully reviewed and analyzed in his written reasons for judgment.
In expropriation proceedings the trial court's factual findings as to value and severance damages should not be disturbed on appeal in the absence of manifest error, because the trial judge is in a better position to determine the credibility and the weight to be accorded the testimony of differing experts. State, Department of Highways v. Wax, 295 So.2d 833 (La.App. 1st Cir. 1974); State, Department of Highways v. William T. Burton Industries, Inc., supra; State, Department of Highways v. Salassi, supra.
We find that the determination by the trial court of just and adequate compensation due the landowners is amply supported by the record and not manifestly erroneous. Therefore, the decision of the trial court is affirmed, at the appellants' cost.
AFFIRMED.