401 So.2d 664 (1981)
TOWN OF KROTZ SPRINGS, Plaintiff-Appellant,
v.
Johnice H. WEINSTEIN, et al., Defendants-Appellees.
No. 8320.
Court of Appeal of Louisiana, Third Circuit.
June 30, 1981.
*665 Lewis & Lewis, Gina Tuttle, Opelousas, for plaintiff-appellant.
Sandoz, Sandoz & Schiff, Laurence B. Sandoz, Jr., Lasario & Weinstein, John H. Weinstein, Opelousas, for defendants-appellees.
Before DOMENGEAUX, GUIDRY and SWIFT, JJ.
GUIDRY, Judge.
The plaintiff municipality instituted this expropriation proceeding against defendants in order to acquire full ownership, less all minerals, of a 16.38 acre tract for the purpose of constructing a sewerage oxidation pond and sewerage treatment facility. The trial court rendered judgment in favor of plaintiff awarding it ownership of the aforesaid property subject to payment by the municipality to defendants of the sum of $212,661.00.[1] Plaintiff has appealed urging that the amount awarded defendants is excessive. Appellant also urges that the trial court erred in awarding allegedly excessive expert witness fees.
The 16.38 acres expropriated to the plaintiff is taken from the center of a 21.24 acre tract owned by defendants. The 21 acre tract of land referred to is situated within the corporate limits of Krotz Springs immediately north of U.S. Highway 190. The area of Krotz Springs north of U.S. Highway 190 is completely encircled by a ring levee which serves to protect that portion of the community from flood waters from the Atchafalaya River and/or the Atchafalaya Floodway. The property, prior to the taking, had a frontage of 1400' along the west side of La. Highway 105 and is bisected by two pipeline rights of way, one line traversing the north side and the other the south side of the property. The property also fronts about 1100' along its south boundary on the La. Highway 105 approach to U.S. 190, however, the approach road is a controlled access facility with no access available from the 21 acre tract. The following sketch depicts the 21 acre tract, the pipeline rights of way, the portion expropriated, and the segregated remainders:
*666 
The trial court awarded defendants the total sum of $212,661.00, i. e., $176,904.00 as the value of the land taken and $35,757.00 as severance damages to the segregated remainders. Plaintiff contends that the award is excessive.
Three experts testified, Messrs. Allen Angers and John W. Wilson for defendants and Mr. Gene Cope for plaintiff. In arriving at a value for the property all of the experts employed the market data approach (based on comparable sales in the area).
Mr. Cope testified that the highest and best use of the property was light industrial or commercial and that considering such potential the property had a market value of $5000.00 per acre. He ultimately concluded that the property to be taken in fee had a value of $81,900.00 (16.38 X $5000.00) and the remainder would suffer severance damages of approximately 331/3% or $8000.00. On the other hand, Messrs. Angers and Wilson testified that the highest and best use of the property was for residential subdivision acreage. Mr. Angers, based upon his proposed subdivision layout and analysis, fixed the value of the property taken at $176,904.00 (16.38 X $10,800.00), with severance damages to the remaining 5.04 acres of $35,757.00 or a total of $212,661.00. Mr. Wilson concluded that the fair market value of the property taken was $175,170.00 with severance damages to the remainder of $27,298.00 for a total of $202,468.00.
*667 The trial court, in written reasons for judgment, concluded that the highest and best use of the property was for potential subdivision development and accepted the opinion of Mr. Angers as to the value of the property taken and the severance damages suffered by the remainder. Our review of the record reveals no error or abuse of discretion in the trial court's finding. As we stated in State, Department of Transportation and Development v. Van Willet, 388 So.2d 1344 (La.App. 3rd Cir. 1980), writs refused, La., 390 So.2d 1337:
"The determination of the value of land expropriation cases, as in the instant suit, is necessarily dependent upon evidence presented in the form of opinions from expert witnesses. It is the particular province of the trial judge to weigh the credibility and expertise of such witnesses in his determination of valuation. Our jurisprudence mandates that an appellate court should not alter the trial court's finding in such cases absent abuse of discretion or manifest error."
Mr. Angers' appraisal report which by stipulation was admitted in evidence, together with his testimony indicates that he made a thorough and comprehensive study of all essential factors in reaching a conclusion as to the highest and best use of the property in question and its value based upon such potential use. His report and his testimony clearly demonstrated that the subject land could reasonably have been put to immediate use as residential subdivision property and that being put to such use the owners would derive the highest economic benefit from such land. Further, Mr. Angers' analysis and his conclusions in regard to the severance damages which defendants' remaining property will suffer, as a result of the expropriation, appears well grounded in reason and sincerity. In sum, we discern no error or abuse of discretion in the trial court's acceptance of Mr. Angers' analysis in toto and the rendition of judgment based thereon. See Parish of East Baton Rouge v. Thomas, 346 So.2d 364, 367 (La.App. 1st Cir. 1977) and cases therein cited.
Appellant's remaining assignment of error concerns an allegedly excessive expert witness fee awarded Mr. Angers and taxed as costs to appellant. The trial court awarded Mr. Angers the sum of $5250.00, being the exact amount which Mr. Angers billed the defendants for his services. In contrast, the trial court awarded appellees' other expert witness, Mr. John W. Wilson, the sum of $750.00. Although we acknowledge that Mr. Angers' appraisal report and his research in connection therewith was extremely comprehensive, we conclude that the fee awarded by the court is excessive and should be reduced.
Expert witnesses are entitled only to reasonable compensation for their appearance in court[2] and for preparatory work done, and the fees allowed should be in line with those allowed in similar cases. LSA-R.S. 13:3666; State, Department of Transportation & Development v. Van Willet, supra. The amount agreed upon between an expert witness and the party calling him is not a criterion as to the amount to be taxed as costs. Daigle v. Hardware Dealers Mutual Fire Insurance Co., 165 So.2d 643 (La.App. 1st Cir. 1964); State, Department of Highways v. United Pentecostal Church of Hodge, Louisiana, 313 So.2d 886 (La.App. 2nd Cir. 1975), writ refused.
According to the record Mr. Angers devoted approximately 13 full days in preparation for trial and one day in court. Although we have no reason to doubt the accuracy of this estimate of time spent by Mr. Angers on this case we do not believe that it is reasonable to compel plaintiff to pay for that amount of time and at the price agreed upon between Mr. Angers and defendants. Although the defendant landowner is entitled to be compensated for the expenses which he reasonably incurs in obtaining expert testimony, he is not entitled to compel plaintiff to pay an unreasonable amount. Under the circumstances we conclude that an award of $3000.00 as an expert witness fee to Mr. Angers is just and *668 fair to both plaintiff and defendants. The judgment of the trial court will be amended accordingly.
For the reasons assigned the judgment of the trial court will be amended so as to reserve to defendants all minerals in the expropriated tract and so as to reduce the fee awarded defendants' expert witness, Allen Angers, to the sum of $3000.00. In other respects the judgment appealed from is affirmed. Accordingly, the judgment of the trial court is amended and recast as follows:
"IT IS ORDERED, ADJUDGED AND DECREED that there be judgment in favor of plaintiff, Town of Krotz Springs, and against defendants, JOHNICE H. WEINSTEIN, MORRIS H. WEINSTEIN, JOHN H. WEINSTEIN AND HARVEY H. POSNER, in their capacities as Trustees of the Nathalie Haas Hirsch Trust for Johnice and her children; EMILY H. HART and N. LEON HART in their capacities as co-trustees of Nathalie Haas Hirsch Trust for Emily and her children; NATHALIE H. HIRSCH, in her capacity as Trustee of the Johnice Hirsh Weinstein Baker Property/Trust and N. Leon Hart in his capacity as Trustee of the Emily Hirsch Hart Property/Trust, and accordingly fee title to the hereinafter described property is hereby expropriated and adjudged to the Town of Krotz Springs, viz:
`A certain tract or parcel of land, situated in Section Six (6), Township Six South (T-6-S), Range Seven East (R-7-E), St. Landry Parish, Louisiana, containing sixteen and 38/100ths (16.38) acres, and being more particularly shown on the attached plat of survey by Morgan J. Goudeau & Associates, dated February 5, 1980, and being bounded, as follows: North by the Texaco Pipeline Company Right of Way, South by the Cayuse Pipeline Right of Way, East by Louisiana Highway 105, and West by the East line of the abandoned Highway 105.'
LESS AND EXCEPT, however and reserving to the above named defendants, in the proportions which they presently own, all the oil, gas and other minerals in, on and under the land above described.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the plaintiff, Town of Krotz Springs, pay to the above named defendants the sum of TWO HUNDRED TWELVE THOUSAND SIX HUNDRED SIXTY-ONE AND NO/100 ($212,661.00) DOLLARS, representing the value of the expropriated property, together with legal interest thereon from the date this judgment becomes final.[3]
IT IS FURTHER ORDERED that the plaintiff pay the following fees of the expert witnesses, to-wit:

1. Allen J. Angers ------$3000.00
2. John W. Wilson -------$ 750.00
3. Gene W. Cope ---------To be paid by plaintiff

IT IS FINALLY ORDERED, ADJUDGED AND DECREED that plaintiff pay all costs of these proceedings."
Plaintiff-appellant is cast for all costs of this appeal.
AFFIRMED AS AMENDED AND RE-CAST.
NOTES
[1] Although at trial the parties stipulated that the expropriation was not to include the minerals underlying the 16.38 acre tract, the trial court judgment, apparently through inadvertence, does not reserve to the landowner defendants the minerals underlying the expropriated property. Under the authority granted by LSA-C.C.P. Article 2164 we will amend the lower court's judgment to conform with the stipulation of the parties.
[2] Trial of the instant case took one day.
[3] The trial court judgment awarded legal interest on the sum awarded defendants from the time this suit was instituted. This was error. Under general expropriation procedure interest is computed from the date of judgment until payment. State v. Miller, 250 La. 668, 198 So.2d 397 (1967).