722 So.2d 1020 (1998)
Joseph M. HAAS, et al., PlaintiffsAppellees,
v.
AUDUBON INDEMNITY COMPANY, DefendantAppellant.
No. 98-566.
Court of Appeal of Louisiana, Third Circuit.
October 21, 1998.
*1021 Jimmy Roy Faircloth, Jr., Alexandria, for Joseph M. Haas, et al.
Mark Alan Watson, Alexandria, for Audubon Indemnity Company.
Before THIBODEAUX, COOKS and WOODARD, JJ.
WOODARD, Judge.
Joseph M. Haas and his family (Haas) sued Audubon Indemnity Company (Audubon) for insurance proceeds. At the conclusion of the trial, having prevailed, Haas was awarded $10,372.50 in expert witness fees. Audubon appeals this award. We affirm.

FACTS
On March 15, 1994, unknown intruders broke into and partially destroyed the Old Sears Building in Alexandria, Louisiana. Haas owned a one-half interest in the building and had insured that interest with Audubon. Audubon refused to pay for most of the damage based, in part, on a clause in the insurance policy which excluded theft. Following a trial on the merits, Audubon was ordered to pay Haas $174,448.00 plus penalties and attorney's fees and was assessed for costs. Audubon appeals the assessment of the costs for Haas' conducting an extensive Property Survey, arguing that the proper fee to James Guillory (Guillory) is an appropriate expert witness fee, not a fee which pays for reports which helped him to testify.
The Property Survey was done by Ballard and Associates, the architectural firm employing Guillory. The survey cost over $7,000.00 and included the opinions of a mechanical engineer, an electrical engineer, an asbestos removal specialist and an architect, Guillory. Guillory was Haas' expert witness at trial and used the Property Survey as the basis for most of his testimony. The survey was introduced into evidence in conjunction with his testimony.
Audubon contends that, although they should pay for Guillory as an expert witness, they should not be forced to pay $7,000.00 for the Property Survey. Audubon is willing to pay a fee for the services of the engineers and the asbestos specialist used to compile the information in the Property Survey but wants the fees set at $500.00 for the two local engineers and $1,000.00 for the out of town asbestos specialist. The trial court ordered Audubon to pay the full cost of the Property Survey because it was used by the testifying architect to prepare his testimony. From this judgment, Audubon appeals.

LAW
Appellant alleges that the trial court erred in taxing as costs of court expenses incurred by "numerous architects, engineers, and an asbestos specialist" who did not testify at trial, either live or by deposition.
La.R.S. 13:3666(A) states that:
Witnesses called to testify in court only to an opinion founded on special study or experience in any branch or science, of to make scientific or professional examinations, and to state the results thereof, shall receive additional compensation, to be fixed by the court, with reference to the value of time employed and the degree of learning or skill required.
"The trial court is given much discretion in setting expert fees, and an appellate court will not retract such award unless the record on appeal reveals serious abuse of discretion." Johnson v. Manuel, 95-913 (La. App. 3 Cir. 1/31/96); 670 So.2d 273, 278, writ denied, 96-0540 (La.4/19/96); 671 So.2d 919. The expert witness is entitled to compensation for his or her time in court and for preparatory work done. Town of Krotz *1022 Springs v. Weinstein, 401 So.2d 664 (La.App. 3 Cir.1981). Other courts have approved a trial court's award of $6,260.00 expert fees to a civil engineering and land survey expert as not being excessive. The engineer had to prepare two aerial photos, two extensive maps of the property, and study numerous deeds in order to understand the property description. Ditch v. Finkelstein, 399 So.2d 1216 (La.App. 1 Cir.1981). In its reasons for judgment, the trial court stated, "The survey and study time spent in collecting, organizing and analyzing the structural and mechanical damage to the building and the opinions expressed thereby could reasonably be deemed to be as great as required to testify in court."
The trial court considered the Property Survey vital to Guillory's preparation for testifying and testimony. The survey was complex and months were spent compiling it. Since an expert witness is entitled to be compensated for the time spent preparing to testify and Guillory used the Property Survey as a preparatory device, the judgment of the trial court is appropriate and affirmed.

CONCLUSION
The trial court did not abuse its discretion in the award of $10,372.50 in expert witness fees, including the $7,000.00 for the Property Survey, to Haas for the testimony of its architect. The trial court's decision is affirmed. The appellant is cast with costs.
AFFIRMED.