[.THIBODEAUX, Judge.
In this suit for medical malpractice, plaintiff, Susan Arrington, appeals the judgment of the trial court, which awarded $7,500 in costs on behalf of plaintiffs expert for trial preparation and testimony against defendant, Galen-Med, Inc. d/b/a, Lake Area Medical Center (“LAMC”). All other costs submitted by plaintiff, other than costs for Arthur Shorr’s preparation and testimony, x-rays, and Dr. Paul Co-meaux’s testimony, were excluded by the trial court judge. Plaintiff contests the trial court’s denial of these costs. Addi *430 tionally, Ms. Arrington appeals the trial court’s application of a $20,000 credit in costs paid by the Louisiana Patient’s Compensation Fund (“PCF”) in its settlement agreement. Plaintiff-appellant charges that the trial court’s failure to award the remaining costs in conjunction with the credit resulted in the successful plaintiff incurring all trial costs.
We affirm in part and amend in part. We find that the trial court judge properly granted a $20,000 credit for costs paid by the PCF in its settlement agreement. Additionally, the trial court properly interpreted La.R.S. 13:4533, determining that only depositions “used at trial” are com-pensable as court costs. In an effort to prove her case, plaintiff deposed several experts whose depositions were used by the Medical Review Panel to render its opinion. Since these discovery tools are required to be in written form and are necessary for proper disposition of the case, prior to filing suit, we will award costs of these depositions. Further, we find that Dr. Gary Harris’ preparation and testimony are also compensable.
I.

ISSUES

The following issues are before us on appeal:
|?,(1) whether the trial court erred in granting the defendants a $20,000 credit as costs of the trial?
(2) whether the trial court erred in disregarding the costs of depositions obtained for the purpose of presenting the case to the Medical Review Panel?
(3) whether the trial court erred in failing to award a reasonable sum for Dr. Gary Harris’ preparation and testimony?
II.

FACTS

On October 28, 1994, Billy Arrington died of pulmonary embolism at Lake Area Medical Center (“LAMC”). Prior to his death, Mr. Arrington was treated and released by Dr. Ricardo Samudia, an independent contractor of LAMC’s emergency room. Dr. Samudia failed to diagnose Mr. Arrington with pulmonary embolism, and the patient died three days later. Dr. Samudia had worked an 18-hour shift at Calcasieu Cameron Hospital, prior to beginning his shift at LAMC. Plaintiff, Susan Arrington[1], asserted that Dr. Samudia was clearly impaired when he treated her husband in the emergency room as a result of working consecutive shifts (with approximately a few hours break between shifts) exceeding 12 hours with little or no sleep, causing the physician to render unsatisfactory medical care.
On November 16, 2001, the jury returned a verdict in favor of the plaintiff, Susan Arrington. Judgment was entered on the verdict on January 3, 2002. Prior to trial, both Dr. Samudia and the PCF settled with the plaintiff. In conjunction with its settlement, the PCF paid $20,000 in costs.
| ^Following trial, plaintiff filed a motion to fix fees and assess costs. The trial court judge rendered a judgment awarding $7,500 in costs on behalf of Dr. Gary Harris, plaintiffs expert. Additionally, the trial court awarded $1,650.44 and $1,962.50 in costs on behalf of Arthur Shorr, for costs of taking his deposition and preparation and testimony, respectively. In addition, *431 $500.00 was granted toward Dr. Paul Co-meaux’s bill and $6.60 was granted for copying x-rays. In this same proceeding, the trial court judge subjected the above costs to a credit of $20,000 in costs paid by the PCF prior to trial.
Plaintiff now appeals the trial court’s judgment, particularly as to costs excluded by the trial court judge and the granting of the $20,000 credit.
III.

LAW AND DISCUSSION

Plaintiff asserts that the trial court erred in granting the defendants a $20,000 credit for costs paid in a prior settlement. Additionally, plaintiff asserts that the trial court erred in excluding costs for depositions used by the Medical Review Panel. We shall address these claims together. We find that the trial court judge properly granted the credit; however, he erroneously failed to award costs for depositions used by the Medical Review Panel.
On August 15, 2002, the PCF entered into a settlement agreement with the plaintiff awarding her $390,000. Additionally, the PCF agreed to assume $20,000 in costs, though the Medical Review Panel had rendered a favorable opinion for the plaintiff.
Under La.R.S. 40:1299.47(I)(2)(b), “[t]he claimant shall pay costs of the medical review panel if the opinion of the medical review panel is in favor of said claimant.” However, “if [a] claimant is unable to pay ... the cost of the medical 14review panel as they accrue, then the costs of the medical review panel shall be paid by the health care provider, with the proviso that if the claimant subsequently receives a settlement or receives a judgment, the advance payment of the medical review panel costs will be offset.”
Based on this statute, Ms. Arrington was responsible for costs, since she received a favorable opinion from the Medical Review Panel. However, the settlement agreement indicates that the PCF paid costs in the amount of $20,000. We can only presume (because it is not indicated in the record and no written reasons were provided) that the PCF assumed costs at this stage in the proceeding because Ms. Arrington was indigent. According to the record, Ms. Arrington was permitted to proceed in forma pauperis based on La. Code Civ.P. art. 5181(A). At the time the Medical Review Panel rendered its opinion, Dr. Samudia had already settled with the plaintiff on February 19, 1999. Since Dr. Samudia was released as a defendant, the PCF stood in his shoes as the defendant. Ms. Arrington had reserved her right to proceed against the PCF, once Dr. Samudia was released. Due to her inability to pay costs pursuant to La.R.S. 40:1299.47(I)(2)(b), we must presume that this was the basis of the PCF’s decision to pay costs.
On January 16, 2001, Ms. Arrington received a favorable verdict from the jury. The jury found that LAMC had apparent authority over Dr. Samudia and was responsible for the actions of its physician leading to Mr. Arrington’s death. Pursuant to La.R.S. 40:1299.47(1)(2)(b), LAMC was now entitled to an offset for the PCF’s payment. We find that the trial court properly granted a credit for the costs paid by the PCF in its settlement.
We conclude that the costs of depositions used by the Medical Review Panel are compensable. Louisiana Revised Statutes 40:1299.47(D) provides in part:
|s(l) The evidence to be considered by the medical review panel shall be promptly submitted by the respective parties in written form only.
*432 (2) The evidence may consist of medical charts, x-rays, ... deposition of witnesses, including affidavits and reports of medical experts, and any other form of evidence allowable by the medical review panel.
Since the medical review panel opinion was entered into evidénce at trial, we find that depositions taken for the purpose of aiding the panel in rendering its opinion is derivative and that these depositions are “used at trial.” As a result, we will award costs of the depositions used by the Medical Review Panel, as they were necessary for disposition of the case. These costs are detailed as follows:
3/20/96 Dr. Paul Comeaux — Deposition Fee $ 300.00
5/24/96 Dr. Paul Comeaux — Deposition $ 160.00
10/18/96 Patricia David — Deposition $ 239.20
10/18/96 Terry Welke — Deposition $ 636.00
10/18/96 Dr. Ricardo Samudia — Deposition $ 82.50
2/21/97 Dr. William Willis — Deposition $ 100.50
6/30/97 Dr. Thomas Leonard — Deposition $ 150.00
10/7/97 Dr. Howard Rigg — Deposition $ 230.00
10/7/97 Dr. Thomas Leonard — Deposition $ 185.50
10/7/97 Dr. Howard Rigg — Deposition $ 400.00
10/7/97 Dr. Cheryl Leblanc — Deposition $ 300.00
12/18/97 Dr. Gary Harris — Deposition $ 157.70
2/3/98 Mrs. Susan Arrington $ 162.50
3/13/98 Dr. Thomas Leonard — Deposition $ 185.50
3/13/98 Dr. Ricardo Samudia — Deposition $ 30.60
5/27/98 Dr. Steve Hedlesky — Deposition $ 303.00
66/5/98 Dr. Gary Harris — Deposition $ 24.30
7/16/98 Dr. Thomas Leonard — Deposition $ 105.50
10/16/98 ERPG — Deposition $ 133.00
10/16/98 Tim Quattrone — Deposition $ 95.00
11/5/98 Denise White — Deposition $ 65.00
9/6/00 Dr. Joseph Litner $. 700.00
11/2/00 Dr. Joseph Litner — Deposition $ 210.00
11/2/00 Dr. Gary Harris — Deposition $ 178.45
*433 5/4/01 Dr. Ricardo Samudia — Deposition $ 50.00
5/4/01 Bill Hankins — Deposition $ 348.00
5/4/01 Arthur Shorr — Deposition $ 114.20
2/28/01 Hankins Healthcare $ 500,00
Total S6.146.45
Expert’s Preparation and Testimony
Plaintiff asserts that the trial court erred when it failed to award costs for Dr. Gary Harris’ preparation and testimony. We agree.
Dr. Gary Harris reviewed several depositions to prepare an affidavit for consideration by the Medical Review Panel. This case was set for trial 11 times from May 1998 to November 2001. Each time this case was set for trial, Dr. Harris had to prepare by reviewing the depositions and records. Also, Dr. Harris’ deposition was taken twice. Additionally, Dr. Harris, on more than one occasion, had purchased airline tickets to attend the trial, only to learn that the trial was rescheduled. As a result, plaintiff asserts that costs should be awarded for Dr. Harris’ preparation and testimony, as well as travel expenses.
[7The authority for allowing an expert witness additional compensation in excess of that allowed for a lay witness is La.R.S. 13:3666 which reads in pertinent part as follows:
A. Witnesses called to testify in court only to an opinion founded on special study or experience in any branch of science, or to make scientific or professional examinations, and to state the results thereof, shall receive additional compensation, to be fixed by the court, with reference to the value of time employed and the degree of learning or skill required.
B. The court shall determine the amount of the fees of said expert witnesses which are to be taxed as costs to be paid by the party cast in judgment either:
(1) From the testimony of the expert relative to his time rendered and the cost of his services adduced upon the trial of the cause, outside the presence of the jury, the court shall determine the amount thereof and include same.
(2) By rule to show cause brought by the party in whose favor a judgment is rendered against the party cast in judgment for the purpose of determining the amount of the expert fees to be paid by the party cast in judgment, which rule upon being made absolute by the trial court shall form a part of the final judgment in the cause.
This court in Haas v. Audubon Indemnity Co., 98-566, p. 2 (La.App. 3 Cir. 10/21/98); 722 So.2d 1020, 1021, held that an “expert witness is entitled to compensation for his or her time in court and for preparatory work done.” Following the above law, we find that costs should be awarded for Dr. Harris’ time and preparation. The trial court awarded $7,500 rather than the requested $13,945. We award the difference between these figures, or $6,445.
Additionally, plaintiff seeks costs for Dr. Harris’ travel expenses. We find that La.R.S. 13:3666 does not permit an award of travel expenses.
| /Travel expenses for in-state witnesses are addressed in La.R.S. 13:3661, which provides that a litigant requesting a subpoena for an in-state witness residing at a distance greater than twenty-five miles *434 from the trial location must deposit adequate funds with the clerk of court to cover the witness’ travel expenses at the rate of twenty cents a mile. Therefore, the rendition of a judgment for travel expenses in excess of this amount is not authorized by statute and must be set aside. While we recognize that the amount authorized is woefully inadequate for travel expenses, it is the only statutory authority for such an award.
Myers v. Broussard, 96-1634, pp. 26-27 (La.App. 3 Cir. 5/21/97); 696 So.2d 88, 102.
Unlike the expert in Myers, Dr. Harris is an out-of-state expert. There is no statutory authority for the recovery of travel expenses to an out-of-state witness.
IV.

CONCLUSION

For the above reasons, the judgment of the trial court granting a $20,000 credit for advance payment is affirmed, except that an additional award of $6,445.00 is awarded to plaintiff, Susan Arrington, for Dr. Gary Harris’ preparation and testimony, as well as an additional award of $6,146.45 for depositions used by the Medical Review Panel. The total award to plaintiff is $12,591.45. For the sake of clarity, we emphasize that this award is in addition to the $11,619.54 awarded by the trial court.
AMENDED AND, AS AMENDED, AFFIRMED.

. Billy Arrington’s widow, Susan Arrington, filed suit individually and on behalf of her two daughters, Joelle Arrington and Laura Arring-ton, who is now a major. Since Mrs. Arring-ton filed suit on behalf of her daughters, we will refer to her as the plaintiff.